IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NELSON VARUGHESE,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 5:23-cv-03805-JMG |
| : | |
| **CITY OF ALLENTOWN** : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 1st day of November, 2024, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 21), Plaintiff's Response in Opposition (ECF No. 22), and Defendant's Reply in Support of its Motion (ECF No. 26), **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that upon consideration of Defendant's Motion to Strike (ECF No. 23) and Plaintiff's Opposition to Defendant's Motion to Strike (ECF No. 27), Defendant's Motion (ECF No. 23) is **DENIED**.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] "Motions to strike . . . are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994). While the Court did not find the fact of an opening of a general investigation into the Defendant's hiring practices pertinent to its consideration in adjudicating the Defendant's Motion for Summary Judgment as to this specific employee's claim of discrimination, the Court also does not find that granting the Defendant's Motion to Strike is appropriate given the legal standard.